**BRUCE J. PIERCE & ASSOCIATES, INC., a NM corporation, Plaintiff–Appellant,**

v.

**RESOLUTION TRUST CORPORATION, Conservator for Savers Federal Savings and Loan Assn., Defendant–Appellee.**

No. 92–2075.

United States Court of Appeals, Tenth Circuit.

Feb. 1, 1993.

Martin E. Threet of Threet & King, Albuquerque, NM, for plaintiff-appellant.

Robert H. Clark of Keleher & McLeod, Albuquerque, NM, for defendant-appellee.

Before LOGAN, BARRETT and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Bruce J. Pierce & Associates, Inc. appeals from entry of summary judgment in favor of defendant Resolution

Trust Corporation (RTC). The only issue on appeal is whether the district court correctly decided it lacked subject matter jurisdiction because of plaintiff's failure to comply with the claims procedures for administrative review contained at 12 U.S.C. § 1821(d).

This litigation began when plaintiff filed suit against Savers Federal Savings & Loan Association (Savers) for alleged breach of contract and breach of the covenant of good faith and fair dealing. When Savers was placed in receivership and under management of the RTC, pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), that pending case was removed to federal court. The RTC was then substituted as defendant for Savers.

As receiver, the RTC published notice to all Savers' creditors of the need to file claims with the RTC on or before January 19, 1990. Trial counsel for the RTC also mailed counsel for plaintiff a letter regarding the notice to creditors. Enclosed with that letter were the Notice to Creditors of Savers that the RTC was receiver and the proof of claim form to be completed by plaintiff and returned to the RTC. *See* 12 U.S.C. § 1821(d)(3)(B). Plaintiff does not contend his attorney failed to receive this correspondence and the enclosures. Nonetheless, plaintiff never filed a proof of claim.

FIRREA provides a claims procedure for creditors of failed financial institutions. When the RTC becomes the receiver, it is required, among other duties, to publish notices to creditors of the institution and also to mail notices to creditors shown on the institution's books. *Id.* § 1821(d)(3)(B) and (C). The claim review procedure only begins after a proof of claim has been filed. A dissatisfied claimant may then seek administrative or judicial review. *Id.* § 1821(d)(6) and (7). Judicial review of claims against the failed institutions only arises as provided in 12 U.S.C. § 1821(d)(13)(D), following the RTC claim review process.

■ Our recent decision in *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103 (10th Cir.1991), is dispositive of this appeal. That case also involved a lawsuit against Savers filed before appointment of the RTC as receiver. The claimant in *Mustang* also failed to file a proof of claim although the RTC complied with the notice requirements of 12 U.S.C. § 1821(d)(3). We there stated:

> We agree with the district court's determination that a thorough reading of the applicable provisions in FIRREA fails to produce any language which could be construed to support Mustang's argument that the claim procedures can be dispensed with in cases where suit was filed prior to the appointment of the receiver. We also concur with the RTC-receiver's argument that the language in FIRREA, allowing parties with claims to file suit *"or continue* an action commenced before the appointment of the receiver"* in the event the claim is disallowed, serves to controvert Mustang's argument. 12 U.S.C. § 1821(d)(6)(A) (emphasis added). The statute clearly requires that each creditor file a claim. 12 U.S.C. § 1821(d)(3)(B)(i). In the event the claim is disallowed, the creditor can then file suit *or continue* to pursue a suit already filed. No interpretation is possible which would excuse this requirement for creditors with suits pending, or allow the filing of suit to substitute for the claim process.

*Mustang Partners*, 946 F.2d at 106.

■ Plaintiff also argues that the RTC's mailing of notice to plaintiff's attorney rather than to plaintiff directly, was not valid and excuses plaintiff's noncompliance with the claims procedure at 12 U.S.C. § 1821(d)(3)(B)(i). Plaintiff does not deny actual knowledge of the notice mailed by counsel for the RTC to plaintiff's counsel. Correspondence between and exchange of pleadings by way of attorney-agents has long been recognized as an appropriate and proper means of communication between parties in litigation. The district court properly imputed to plaintiff the information admittedly received by plaintiff's counsel. *See Link v. Wabash RR.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734

(1962). The notices mailed by counsel for the RTC to counsel for plaintiff satisfied the RTC's obligations pursuant to 12 U.S.C. § 1821(d)(3)(C).

AFFIRMED.