5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RESOLUTION TRUST CORPORATION, Receiver for Sun Country
Savings Bank, Plaintiff-Appellee,
v.
LIBERTY HOMES, INC., a New Mexico corporation; Grace
Andrade; Fred Andrade, Carl Bruce Sanchez, New
Mexico Taxation Department, Defendants,
Manuel A. Ferran, Ph.D., court appointed independent
receiver for Continental Mortgage Exchange, Inc.;
Guaranteed Equities Inc., a New Mexico corporation; and
City of Albuquerque, a municipal corporation, Defendants-Appellees,
Samuel A. Andrade, Defendant-Appellant.
 No. 93-2071.
 United States Court of Appeals, Tenth Circuit.
 Sept. 7, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Sun Country Savings Bank of New Mexico ("Sun Country"), a federally chartered savings bank, brought an action against appellant for foreclosure of mortgages and collection of promissory notes. Appellant brought counterclaims against Sun Country for breach of contract, breach of the covenant of good faith and fair dealing, fraud, misrepresentation, economic duress, and interference with business relations. On April 7, 1989, the Federal Savings & Loan Insurance Corporation ("FSLIC"), as conservator for Sun Country, removed the action to federal court, where the Resolution Trust Corporation ("RTC") was later named receiver for the bank. The district court ultimately granted summary judgment for the bank on all claims. On appeal, this court affirmed the decision as to appellant's liability on the mortgages and notes but remanded appellant's claims for breach of contract and intentional interference with contractual relations. On remand, the RTC filed various motions to dismiss including an October 7, 1992, motion to dismiss for failure to exhaust administrative remedies as prescribed by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The court concluded that appellant had failed to exhaust his administrative remedies under FIRREA and therefore dismissed for lack of subject matter jurisdiction. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 We review a dismissal for lack of subject matter jurisdiction de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992). Lack of subject matter jurisdiction may be raised at any stage in the proceedings and may not be waived. See Penteco Corp. v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir.1991). The FIRREA requires the RTC "to give notice to all creditors of a failed institution that they have ninety days in which to file a proof of claim with the [RTC]." Resolution Trust Corp. v. Mustang Partners, 946 F.2d 103, 106 (10th Cir.1991) (citing 12 U.S.C. 1821(d)(3)(B)(i)). A claim not filed within the applicable period "shall be disallowed and such disallowance shall be final." 12 U.S.C. 1281(d)(5)(C)(i). The existence of a pending action against the failed institution does not exempt the creditor from this requirement. Rather, the creditor must submit the claim to the RTC for administrative resolution first, and then may file suit or continue to pursue an already filed suit in the event the claim is disallowed. Mustang Partners, 946 F.2d at 106; see also Bruce J. Pierce & Assoc. v. Resolution Trust Corp., 987 F.2d 663, 664 (10th Cir.1993). Congress expressly withdrew federal court jurisdiction from claims made outside the FIRREA procedures. See 12 U.S.C. 1821(d)(6) and (d)(13)(D).
 
 
 4
 In this case, it is undisputed that the RTC published the required notice to creditors on June 7, 1990, and that appellant did not present any of his claims asserted in the counterclaim to the RTC for administrative resolution. As discussed above, the pendency of his court action did not satisfy that requirement either. The district court therefore correctly concluded that it lacked subject matter jurisdiction over Andrade's claims. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3