PENTECO CORPORATION LIMITED PARTNERSHIP—1985A, an Oklahoma limited partnership, Plaintiff–Appellee,

v.

UNION GAS SYSTEM, INC., a Kansas corporation, Defendant–Appellant.

Nos. 87–2599, 87–2808.

United States Court of Appeals, Tenth Circuit.

April 15, 1991.

Michael D. Davis of Doyle & Harris, Tulsa, Okl. (Steven M. Harris of Doyle & Harris, Tulsa, Okl., with him on the brief), for plaintiff-appellee.

Bob W. Storey of Cogswell and Storey, Topeka, Kan. (William F. Smith of Blackstock Joyce Pollard & Montgomery, Tulsa, Okl., with him on the brief), for defendant-appellant.

Catherine C. Cook, Gen. Counsel, Jerome M. Feit, Sol., Joel M. Cockrell, Atty., filed a brief for the Federal Energy Regulatory Com'n as amicus curiae.

Before HOLLOWAY, Chief Judge, WRIGHT * and BALDOCK, Circuit Judges.

* The Honorable Eugene A. Wright of the Ninth Circuit, sitting by designation.

HOLLOWAY, Chief Judge.

The plaintiff below, Penteco Corporation Limited Partnership–1985A ("Penteco") brought this action against the defendant Union Gas Systems, Inc. ("Union"), a Colorado corporation with its principal place of business in Kansas, in the United States District Court, Northern District of Oklahoma. Penteco alleged a state law breach of contract claim against Union, asserting that Union had failed to abide by the take provisions of a natural gas purchase contract which Penteco had acquired by assignment from East Central Gas & Pipeline Corporation ("East Central"). Diversity of citizenship and claims in excess of the statutory minimum were alleged.

Following a bench trial, the district court entered judgment in favor of Penteco in the amount of $185,711.08, plus costs and interest, and further awarded Penteco attorney fees of $82,937.50, plus interest. Union appeals from these judgments asserting several claims of error, including lack of diversity of the parties.

We conclude that we cannot reach the merits of this appeal before the question of the district court's subject matter jurisdiction is resolved by further proceedings. A jurisdictional defect may exist in that the citizenship of Penteco's partners was never pled or established. As a result, the record lacks sufficient information to determine whether the court below had diversity jurisdiction. Accordingly, we must remand.

## I

■ As this court noted in *Tuck v. United Services Automobile Ass'n*, "[t]he Federal Rules of Civil Procedures [sic] direct that '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' " 859 F.2d 842, 844 (10th Cir.1988) (quoting Fed.R.Civ.P. 12(h)(3)), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). Moreover, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah*

*Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (emphasis in original). Nor may lack of jurisdiction be waived or jurisdiction be conferred by "consent, inaction or stipulation." *Id.* Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Id.* And "[s]tatutes conferring diversity jurisdiction are to be strictly construed." *Crowley v. Glaze*, 710 F.2d 676, 687 (10th Cir.1983).

■ To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir.1972), ignoring mere conclusory allegations of jurisdiction, *see Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir.1971). The party seeking the exercise of jurisdiction in his favor "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Where the pleadings are found wanting, an appellate court may also review the record for evidence that diversity does exist. *See Sun Printing & Publishing Ass'n v. Edwards*, 194 U.S. 377, 382, 24 S.Ct. 696, 697, 48 L.Ed. 1027 (1904).

■ Penteco's complaint adequately asserted the requisite $10,000 amount in controversy required by the general federal diversity statute, 28 U.S.C. § 1332(a) (1976), when the action was commenced. However, Penteco failed to plead facts sufficient to establish the necessary citizenship of a limited partnership for diversity purposes. In its complaint, Penteco simply describes itself as a limited partnership, organized under the laws of Oklahoma, with its principal place of business in Tulsa. Although Penteco correctly pleads the citizenship of Union, alleging it is a corporation organized under the laws of Colorado, with its principal place of business in Kansas, there are no further factual allegations of diversity made. Instead, Penteco's complaint merely claims subject matter juris-

diction pursuant to § 1332(a), with a conclusory statement that "[t]here is complete diversity of citizenship between the parties." *See* Complaint at ¶¶ 1–3. Other than diversity, the complaint indicates no other basis for federal jurisdiction.

The district court purported to find jurisdiction pursuant to § 1332(a). *See* Findings of Fact and Conclusions of Law ("FF" and "CL" respectively) at CL No. 1. The court noted that the jurisdictional amount was present and, following Penteco's theory of treating the partnership like a corporation, it concluded that the parties were "diverse in citizenship." *Id.* As did the complaint, the court defined Penteco's citizenship in the following terms: "The Plaintiff, [Penteco] ..., is a limited partnership organized under the laws of the State of Oklahoma, having its principal place of business in Tulsa County, Oklahoma." *Id.* at FF No. 1. Significantly, the district court also found that:

On September 1, 1985, East Central assigned an undivided 75% interest in the Contract ... to Penteco, for valuable consideration. East Central contributed the remaining 25% interest it retained [in the Contract] to Penteco in exchange for a 25% interest *as a nonmanaging general partner.*

*Id.* at FF No. 8 (emphasis added).

 Although not challenged below, Union now contests diversity jurisdiction, asserting that the above factual finding,

coupled with Penteco's failure to plead the citizenship of each of its partners, shows a defect in the district court's subject matter jurisdiction.[1] We agree there may be a defect but the appearance of the possible defect does not dictate dismissal of the federal suit at this juncture, and instead we remand.[2] We will first consider a significant intervening decision of the Supreme Court.

## II

During the pendency of these appeals, the Supreme Court decided *Carden v. Arkoma Assoc.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In *Carden*, plaintiff Arkoma Associates, an Arizona limited partnership, filed suit in federal court against defendants Carden and Limes, both citizens of Louisiana, alleging diversity jurisdiction. In the district court the defendants disputed diverse citizenship, arguing that Arkoma had limited partners domiciled in Louisiana. The district court denied a motion to dismiss and on appeal, following a judgment for Arkoma, the Fifth Circuit affirmed, reasoning that a limited partnership's citizenship is determined only by reference to its general, not limited, partners.

The Supreme Court reversed. The Court analyzed its previous diversity rulings and noted that "[w]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have ... just as firmly resisted extending that treat-

---

1. Although we are aware of the apparent "injustice" in permitting a defendant to attack jurisdiction after final judgment has been rendered, federal courts are at all times constrained by the scope of the jurisdictional grants. *See Basso*, 495 F.2d at 910. Moreover, Penteco is the party chargeable with knowledge of a potentially nondiverse partner or partners and it must accept the limitations imposed by its choice of forum. *See, e.g., Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978) (plaintiff who selected forum may not complain that court's jurisdiction does not encompass his claims).

The parties have both moved for sanctions, faulting their opponent for delay in raising this jurisdictional issue. However, because the record is void of any evidence of bad faith by either party, we deny these requests. *Cf. Basso*, 495 F.2d at 911 (assessing costs and attorney

fees against defendant for bad faith refusal to seek dismissal before appeal).

2. We deny appellant Union's motion to supplement the record with a state court petition filed before the instant action began. This petition purportedly shows that East Central identified its principal place of business as Kansas. Although such evidence, if uncontested, could defeat Penteco's diversity allegation, we leave such proffers for the district court. Nor, as Union requests, can we use judicial notice to fill in the omitted facts. "If the court could take judicial notice of such matters there would be no necessity at all for alleging diversity of citizenship between ... parties in Federal court since as a general rule, what may be judicially noticed need not be pleaded." *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir.1963). In any event, jurisdiction is to be determined by facts existing at the time of filing suit.

ment to other entities." *Id.* 110 S.Ct. at 1018. Moreover, the Court explained that its previous rulings had "never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members." *Id.* at 1019–20. Accordingly, the Court held that for entities other than corporations (and sometimes trusts), "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' ..., 'the several persons composing such association,' ..., 'each of its members[.]'" *Id.* at 1021 (citations omitted).

Both the *Carden* rule, and our own above-cited jurisdictional rulings, show the need to remand this case. In its brief Penteco contests the sufficiency of the evidence supporting the district court's finding that East Central is a *general* partner of Penteco, although not contesting that East Central is *some* type of member in the partnership. Under *Carden*, then, the failure to establish East Central's citizenship is a necessary jurisdictional hurdle yet unsurmounted. But unlike the situation in *Carden*, resort to the instant complaint and record is inadequate to resolve the diversity question presented here. Significantly, the complaint and record do not show whether there are *any other* Penteco partners, general or limited, whose Kansas citizenship would destroy diversity jurisdiction. As an appellate court, we are in no position to make the necessary evidentiary rulings needed here.

■ As provided in 28 U.S.C. § 1653 (1976): "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See also Newman–Green, Inc. v. Alfonso–Lorrain,* 490 U.S. 826, 827, 109 S.Ct. 2218, 2220, 104 L.Ed.2d 893 (1989) (appellate court may dismiss dispensable party whose presence destroys diversity under Fed.R.Civ.P. 21). Although mindful of the presumption against jurisdiction, where, as here, the action has resulted in a final judgment in the district court, despite an unnoticed potential jurisdictional defect, we believe the

interests of justice, fairness and judicial economy require some additional opportunity to "cure" such pleading defects, if possible. *See Tuck,* 859 F.2d at 846; *Local No. 1 (ACA) v. Int'l Brotherhood of Teamsters,* 614 F.2d 846, 853 (3d Cir.1980). Here we do so by remand.

■ Although we might, on appeal, permit Penteco to amend its complaint to add omitted jurisdictional facts under either § 1653 or the holding of *Newman–Green,* we decline to do so. As pointed out by Union, the record contains evidence suggesting that East Central may be domiciled in Kansas: the firm's letterhead lists its address, and its post office box, in Kansas; the firm's business correspondence has been sent to that state; the firm has executed local gas purchase contracts there; and its president, Ron McGinnis, resides there. *See* Defendant's Exhibit 19; Plaintiff's Exhibits 40, 41, 47, 49, 50, and TR Vol. II at 88.

Moreover, we also note Union's intent to proffer the state court petition, mentioned in footnote 2, as further evidence to defeat jurisdiction. Naturally, to save the substantial judgment Penteco has already obtained, we would expect it to vigorously press its own case for diversity. As an appellate court, however, we feel it preferable not to address such a possible evidentiary dispute. The district court is the proper forum to determine if a curative amendment can be made. *See Tuck,* 859 F.2d at 845–47.

On remand, the district court should determine the citizenship of all members of the Penteco partnership, and all other parties, to ascertain whether diversity jurisdiction exists. If proper, amendment of Penteco's complaint to reflect or preserve diversity should be permitted. However, should diversity be lacking, the case must be dismissed.

The cause is REMANDED for further proceedings in accord with this opinion, further findings, conclusions and a further ruling on the diversity issue, which shall be certified as a supplemental record to this

court; otherwise this court retains jurisdiction of these appeals.