953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Don SCOTT, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 91-6187.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Larry Don Scott appeals from a district court judgment denying his Petition for a Writ of Habeas Corpus. Because Petitioner failed to challenge on appeal the district court's resolution of one claim and because the district court failed to address a second claim, we affirm in part, reverse in part, and remand for further proceedings.[1]
 
 
 3
 Following a guilty plea, Petitioner was convicted in March of 1983 of four counts of robbery with firearms, in violation of Okla.Stat. tit. 21, § 801; unauthorized use of a motor vehicle, in violation of Okla.Stat. tit. 47, § 4-102; shooting with intent to injure, in violation of Okla.Stat. tit. 21, § 645; and escape from a county jail, in violation of Okla.Stat. tit. 21, § 444. A 1975 felony conviction for unauthorized use of a motor vehicle was used to enhance the sentences pursuant to Okla.Stat. tit. 21, § 51. Petitioner was sentenced to a total of sixty-five years' imprisonment.
 
 
 4
 Petitioner did not appeal his 1983 convictions to the Oklahoma Court of Criminal Appeals. On March 4, 1988, Petitioner filed an Application for Post-Conviction Relief with the state trial court, raising as grounds for relief from the 1983 convictions that his guilty plea was coerced, he was denied effective assistance of trial counsel, the state introduced prejudicial evidence at sentencing, and his sentences are disproportionate to the offenses. As a factual basis for the first two grounds for relief, Petitioner asserted that after the interrogating police officer, B.J. Joyce, read Petitioner his Miranda warnings, Petitioner requested counsel and stated his desire to remain silent. Joyce responded, "If you had a lawyer, he would instruct you to cooperate with me." Joyce then told Petitioner that he, Joyce, was authorized to make a plea agreement with Petitioner and would get Petitioner minimum sentences in exchange for cooperation. Trial counsel informed Petitioner that nothing could be done about Petitioner's resultant confession.
 
 
 5
 The state trial court denied the Application, finding that Petitioner's plea was not coerced; there was no plea arrangement, and thus the victims' testimony presented by the state at sentencing was proper; Petitioner was not prejudiced by the state's presentation that he had a prior record; Petitioner's sentence was not disproportionate and was reasonable; and the Application for Post-Conviction Relief failed to raise any question which could not have been raised on direct appeal or which would make the conviction void or voidable. R. 17, Ex. K. The Oklahoma Court of Criminal Appeals affirmed, concluding that Petitioner's allegations of error were without merit. R. 17, Ex. L.
 
 
 6
 Petitioner filed a second Application for Post-Conviction Relief in 1990, claiming trial counsel was ineffective for failing to challenge Petitioner's 1975 conviction that was used to enhance his sentences. The trial court denied the Application on the ground that the claim could have been raised on direct appeal or in the previous Application for Post-Conviction Relief, and Petitioner failed to show sufficient reasons why the claim was not raised previously. R. 17, Ex. M. The Oklahoma Court of Criminal Appeals affirmed on essentially the same grounds. R. 17, Ex. N.
 
 
 7
 Petitioner filed the present Petition for a Writ of Habeas Corpus with the federal district court on September 26, 1990, raising one ground for relief: that trial counsel's failure to object to use of Petitioner's 1975 conviction to enhance Petitioner's sentences deprived Petitioner of effective assistance of counsel. R. 2 at 6. The district court ordered Respondents-appellees to file a response. Before Respondents responded, however, Petitioner filed a document entitled Amendment to Pending Petition for a Writ of Habeas Corpus. The Amendment provides that Petitioner "now amends his petition to include a second ground to read as follows: ... The Petitioners' [sic] instant guilty pleas were a result of ineffective assistance of counsel ... as outlined in ground two of Petitioners' [sic] Application for Post-Conviction Relief filed ... on March 4, 1988...." R. 11 at 1. Ground two of the March 4, 1988, Application provided that trial counsel was ineffective because he failed to move to suppress Petitioner's unlawfully obtained confession; did not object to aggravating testimony or present mitigating testimony at sentencing;[2] and advised Petitioner to plead guilty, not to withdraw his plea, and not to file an appeal.
 
 
 8
 In its decision denying the habeas petition the district court addressed only the claim that trial counsel was ineffective for failing to challenge the 1975 conviction which was used to enhance Petitioner's sentences. On appeal, Petitioner does not question the district court's resolution of this claim.[3] Rather, he argues that the district court erred in failing to address the ground for relief raised in the Amendment.
 
 
 9
 Under Fed.R.Civ.P. 15(a), which applies to habeas corpus proceedings, see Robinson v. Wade, 686 F.2d 298, 304 (5th Cir.1982), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." No responsive pleading had been served when Petitioner filed his Amendment. Thus, Petitioner effectively amended his petition to add a second ground for relief.
 
 
 10
 The district court apparently overlooked this ground. When a district court fails to address an issue, this court will remand for consideration of the issue. See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In Re R. Eric Peterson Constr. Co.), --- F.2d ----, No. 90-4122, slip op. at 14 (10th Cir. Dec. 13, 1991) (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976), for "the general rule ... that a federal appellate court does not consider an issue not passed upon below.") Remand is particularly appropriate here because resolution of the ground raised in the Amendment may require an evidentiary hearing. See Penteco Corp. Ltd. Partnership 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1523 (10th Cir.1991) (remand appropriate if unresolved issue involves possible evidentiary dispute). We express no opinion as to whether an evidentiary hearing is required, however.[4]
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and the matter is REMANDED for further proceedings.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner's application for a certificate of probable cause is granted
 
 
 [2]
 Petitioner has not argued on appeal that trial counsel was ineffective for failing to object to aggravating testimony or present mitigating testimony at sentencing. We deem the issue to have been abandoned. Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir.1984)
 
 
 [3]
 We therefore affirm the district court's resolution of this claim
 
 
 [4]
 Petitioner also argues on appeal that his plea was coerced due to promises made by Officer Joyce. Assuming Petitioner intends to assert yet a third ground for relief, that his plea was coerced, this ground was raised in Petitioner's first Application for Post-Conviction Relief and was denied on the merits. While the ground was not asserted in either the Petition for a Writ of Habeas Corpus or the Amendment, it was argued in Petitioner's Response to State's Response filed with the district court. R. 23 at 14
 Robinson, 686 F.2d at 304 n. 11, construed a pro se objection to a magistrate judge's recommendation as a motion to amend a habeas petition to raise new claims. On remand the district court should decide whether Petitioner intended to raise as a third ground for relief that his plea was coerced and, if so, whether to permit amendment of the petition to raise the ground, keeping in mind that "leave [to amend] shall be freely given when justice so requires." Rule 15(a).