16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derek FOX, individually and as administrator of the Estate
of Diane E. Barstow, Deceased, Plaintiff-Appellant,
v.
Mark A. MANDELBAUM. M.D. and James Joseph, M.D.,
Defendants-Appellees.
 No. 93-3286.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Derek M. Fox, individually and as Administrator of the Estate of Diane E. Barstow, as a resident of San Diego, California, appearing pro se, appeals from the district court's order dismissing his complaint against Mark A. Mandelbaum, M.D. and James R. Joseph, M.D., residents of Wichita, Kansas, alleging medical malpractice resulting in the death of Diane E. Barstow. The court dismissed the complaint for lack of subject matter jurisdiction inasmuch as there were no allegations regarding citizenship of the parties, and thereafter the court denied plaintiff's Motion to Reconsider.
 
 
 3
 There is no dispute that the sole basis for jurisdiction in the district court would be diversity of citizenship. The defendants answered the complaint and filed motions to dismiss based upon lack of diversity of citizenship. The plaintiff responded but did not file affidavits or any other evidence establishing the required diversity under 28 U.S.C. 1332(a)(1) nor did plaintiff move to amend the complaint to allege diversity.
 
 
 4
 After the district court referred the matter to a United States magistrate for a report and recommendation, the magistrate issued an order to show cause directing plaintiff to demonstrate by affidavits or other sworn testimony that diversity of citizenship existed in the case. No response was forthcoming from the plaintiff. Thereafter, the magistrate filed his Report and Recommendation recommending dismissal of the complaint and case for lack of diversity jurisdiction. No objection was filed by plaintiff. The district court accepted the magistrate's recommendation and dismissed for lack of subject matter jurisdiction.
 
 
 5
 On appeal, plaintiff argues that he did show by a preponderance of the evidence that both he and the deceased, Diane E. Barstow, were Michigan citizens at all times for purposes of diversity.
 
 
 6
 The record does reflect that plaintiff filed an affidavit prior to the order of dismissal alleging that he and the decedent were residents and domiciled in the State of Michigan. It did not, however, address the issue of citizenship. The district court observed that plaintiff Fox was an attorney and accordingly should be held to the same standards as an attorney, and that plaintiff's second affidavit filed in support of his Motion to Reconsider failed to satisfy the diversity requirements:
 
 
 7
 Plaintiff has submitted an affidavit which states that he was domiciled in, and a resident of, the state of Michigan when he entered active duty with the United States Air Force. Plaintiff states that his wife, Diane E. Barstow, accompanied him to Kansas when he was ordered to report to McConnell Air Force Base. Plaintiff further states that neither he nor his wife intended to become domiciliaries of Kansas. Plaintiff asserts that he retained his Michigan residency pursuant to the Soldiers and Sailors Civil Relief Act. Plaintiff then states that he moved to California some time after the accident which gave rise to the lawsuit. Plaintiff still has made no allegation regarding the citizenship or domicile of the decedent Barstow. Thus, plaintiff has not met his burden of showing the existence of diversity jurisdiction by a preponderance of the evidence.
 
 
 8
 (R., Vol. I, Tab 62, p. 7).
 
 
 9
 In Penteco Corp. v. Union Gas System, 929 F.2d 1519 (10th Cir.1991), the court held that since federal courts are courts of limited jurisdiction, there is a presumption against their jurisdiction and the party invoking federal jurisdiction bears the burden of proof. We there observed that the plaintiff limited partnership's complaint simply described itself as being organized under the laws of Oklahoma with principal place of business in Tulsa, but it did not plead the citizenship of the partners. And in Basso v. Utah Power and Light Company, 495 F.2d 906 (10th Cir.1974), the court held that lack of jurisdiction cannot be waived and jurisdiction cannot be conferred on a federal court by consent, inaction or stipulation, and that the plaintiff bore the burden to prove affirmatively that jurisdiction did exist. See also, Wilshire Oil Co. of Texas v. Riffe, 409 F.2d 1277 (10th Cir. (1969)).
 
 
 10
 We have carefully reviewed plaintiff's affidavit filed July 23, 1993, in support of his Motion to Reconsider. (R., Vol. I, Tab 66). That affidavit does state that plaintiff and Diane E. Barstow were married at East Lansing, Michigan, on June 6, 1981, and that after plaintiff Fox entered into active duty with the United States Air Force on April 8, 1985, as a Michigan citizen, Diane accompanied him to his assignment at McConnell Air Force Base, Wichita, Kansas, where they resided as husband and wife until her death in July 31, 1988. Significantly, plaintiff stated that "Diane and I were Michigan citizens throughout the entire time that we were present in Kansas." That affidavit contains other factual assertions such as use of Michigan license plates on automobiles and that plaintiff and Diane retained voting privileges in the state of Michigan.
 
 
 11
 In light of the above, we remand to the district court to determine whether the allegation contained in plaintiff's affidavit filed in support of his Motion to Reconsider that "Diane and I were Michigan citizens throughout the entire time that we were present in Kansas" was such as to justify amendment to plaintiff's complaint to reflect diversity. See Penteco, 929 F.2d at 1523, and 28 U.S.C. 1653.
 
 
 12
 The cause is REMANDED for further proceedings in accordance with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D 470