Edward E. WOLF and Iris
Wolf, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 93–1406–FGT.

United States District Court,
D. Kansas.

May 20, 1994.

N. Trip Shawver, Wichita, KS, for plaintiffs.

Emily B. Metzger, Office of U.S. Atty., Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss, Doc. 7. Plaintiffs filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., seeking damages resulting from the alleged breach by the Farmers Home Administration (FmHA) of an agreement with the plaintiffs. Plaintiffs contend that FmHA was to have assigned to plaintiffs, for a sum certain, FmHA's redemption rights in certain real property previously owned by the plaintiffs. The United States moves to dismiss, arguing that the court lacks jurisdiction over Count I of plaintiffs' complaint, and that Counts II and III of plaintiffs' complaint fail to state claims upon which relief can be granted.

The relevant facts are as follows.

1. On June 8, 1989, an Amended Journal Entry of Judgment was filed in the District Court of Harvey County, Kansas in the case of *The Mutual Benefit Life Insurance Company v. Edward Wolf,* Case No. 88–C–4672, pursuant to which certain real estate mortgaged by plaintiffs Edward and Iris Wolf to FmHA was ordered sold in satisfaction of judgments against the Wolfs.

2. The Wolfs owed FmHA the sum of $47,925.89 as of March 22, 1988, plus interest thereafter at the rate of $3.7321 per day.

3. The real estate was sold on August 9, 1989. FmHA received no proceeds from the sale of the real estate. The Amended Journal Entry of June 8, 1989 granted FmHA a twelve-month period of redemption in the real estate.

4. By letter dated December 26, 1989, the Wolfs, through their attorney, offered FmHA the sum of $6,415.00 in return for release from liability of the amounts owed FmHA described in paragraph 2 above and an assignment of the government's redemption rights.[1]

5. By letter dated March 19, 1990, FmHA advised the Wolfs that FmHA accepted the compromise offer of $6,415 and considered the Wolfs' debt with FmHA settled. The letter also stated that "FMHA has also submitted the necessary forms to our attorney for the purpose of waiving our redemption rights."

6. In March 1990, FmHA filed its Waiver of Redemption Rights to the real estate with the District Court of Harvey County, Kansas.

7. An administrative claim dated March 6, 1992 in the amount of $1,000,000 was submitted by the Wolfs to FmHA. The amount of the claim was subsequently amended upward to $1,500,000 by the Wolfs.

8. The claim was denied by letter from FmHA to the Wolfs' attorney dated April 14, 1993.

9. Plaintiffs initiated this action on October 13, 1993.

The following additional facts, as set forth by the plaintiffs, are not disputed for purposes of the motion to dismiss.

10. Prior to June 8, 1989, the plaintiffs owned approximately 400 acres in Harvey County, Kansas that had a first mortgage to Mutual Benefit Life Insurance Company and a second mortgage to FmHA.

11. Because of financial difficulties, the plaintiffs fell in arrears and the Mutual Benefit Life Insurance Company foreclosed on the real estate.

12. On June 8, 1989, an Amended Journal Entry of Judgment was filed in the District Court of Harvey County, Kansas in the case *Mutual Benefit Life Insurance Company v. Edward Wolf,* Case No. 88–C–4672, pursuant

---

1. As alleged in their complaint, plaintiffs had only a six month period of redemption. The plaintiffs' compromise offer would have given them a longer period of time to redeem the property and would have allowed plaintiffs to settle the amount owed to FmHA at a great discount.

to which certain real estate mortgaged by plaintiffs Edward and Iris Wolf to FmHA was ordered sold in satisfaction of judgments against the Wolfs.

13. The Wolfs owed FmHA a deficiency after the sale.

14. The real estate was sold on August 9, 1989. FmHA received no proceeds from the sale of the real estate. The Amended Journal Entry of June 8, 1989 granted FmHA a twelve-month period of redemption in the real estate.

15. By letter dated December 26, 1989, the Wolfs, through their attorney, offered FmHA the sum of $6,415.00 in return for release from liability of the amounts owed FmHA and an assignment of the government's redemption rights.

16. The FmHA County Committee and County Supervisor reviewed the offer of the plaintiffs, which was submitted on FmHA Form 1956–1 dated January 18, 1990, and approved the same.

17. The County Supervisor sent a letter to the State Director recommending approval of the offer which included the purchase by the plaintiffs of the redemption rights of the United States of America.

18. Along with the paperwork, the plaintiffs tendered a check for $6,415.75 for the compromise of the government's claim and assignment of the redemption rights.

19. By letter dated March 19, 1990 and mailed March 20, 1990, the plaintiffs were notified that the government had accepted their check but, instead of assigning the redemption rights to the plaintiffs, FmHA had waived the redemption rights. Plaintiffs assert that the waiver of redemption rights is irreversible. Plaintiffs further assert that the waiver of the redemption rights vested all rights to the property in Mutual Benefit Life Insurance Company and the purchaser of the property, rather than allowing the plaintiffs the remaining months to redeem their homestead.

20. Plaintiffs assert that, upon realizing that his homestead was lost, Edward Wolf was hospitalized in a mental ward for some length of time. Plaintiffs assert that the homestead the plaintiffs had occupied for most of their lives was lost forever.

21. Plaintiffs assert that, as a result of the actions of the defendant, they have lost their homestead, incurred mental suffering and anguish and suffered irreparable harm.

22. FmHA suggested that a Standard Form 95 be utilized to file a claim under the Federal Tort Claims Act for the injuries.

23. An administrative claim dated March 6, 1992 in the amount of $1,000,000 was submitted by the Wolfs to FmHA. The amount of the claim was subsequently increased to $1,500,000 by the Wolfs.

24. The claim was denied by letter from FmHA to the Wolfs' attorney dated April 14, 1993.

25. Plaintiffs filed this action on October 13, 1993.

The United States moves to dismiss, arguing that the court lacks subject matter jurisdiction over plaintiffs' claim for breach of contract and that plaintiffs' claims for conversion and tortious breach of contract fail to state claims upon which relief can be granted. The determination of jurisdiction over Count I of plaintiffs' complaint depends on whether plaintiffs' claim sounds in contract or tort. Plaintiffs request that if the court finds jurisdiction lacking, that this court transfer this action to the claims court pursuant to 28 U.S.C. § 1631.

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., waives sovereign immunity of the United States for certain tort claims. 28 U.S.C. § 2674. Exclusive jurisdiction over such claims is vested in the United States district courts. 28 U.S.C. § 1346(b). The Tucker Act waives sovereign immunity with respect to claims upon the United States founded "upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. The United States Court of Federal Claims has jurisdiction over such contract claims. The United States district courts have concurrent jurisdiction when the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2).

**340**

Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corporation Limited Partnership v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir.1991).

Plaintiffs' first claim for relief is based on the asserted negligence of the United States in failing to assign the redemption right to the plaintiffs. The United States argues that this claim is, in reality, a contract claim and since plaintiffs seek well in excess of $10,000 in damages, exclusive jurisdiction lies in the claims court. The court agrees. However, rather than dismiss, the court shall order this action transferred to the claims court pursuant to 28 U.S.C. § 1631.

A breach of contract action and a tort action may co-exist. However, claims which are based essentially on an alleged failure to carry out contractual duties are not tort claims which confer jurisdiction under the FTCA. *Coffey v. United States,* 626 F.Supp. 1246, 1248 (D.Kan.1986). Jurisdiction cannot be invoked by framing the complaint as something other than a breach of contract. *Id.* The classification of a particular action as one which is or is not a contract action depends both on the source of the rights upon which the plaintiffs base their claims, and upon the type of relief sought. *Id.* at 1249.

Negligence is never presumed, *Thies v. Cooper,* 243 Kan. 149, 151, 753 P.2d 1280 (1988), and does not exist in the abstract. *Nature's Share, Inc. v. Kutter Products, Inc.,* 752 F.Supp. 371, 384 (D.Kan.1990). Negligence exists when there is a duty owed by one person to another and a breach of that duty occurs. *Seibert v. Vic Regnier Builders, Inc.,* 253 Kan. 540, 547, 856 P.2d 1332 (1993). Whether a duty exists is a question of law for the court. *Id.; Honeycutt v. City of Wichita,* 251 Kan. 451, 463, 836 P.2d 1128 (1992).

A breach of contract may be described as a material failure of performance of a duty arising under or imposed by an agreement, while a tort is a violation of a duty imposed by law, a wrong independent of

contract. *Pittman v. McDowell, Rice & Smith, Chartered,* 12 Kan.App.2d 603, 611, 752 P.2d 711, *review denied,* 243 Kan. 780 (1988); *Chavez v. Saums,* 1 Kan.App.2d 564, 566, 571 P.2d 62, *review denied,* 225 Kan. 843 (1977).

In the appropriate case, a defendant's actions may constitute a breach of a contractual duty as well as a breach of a duty imposed by law. In such a case, either tort or contract remedies may be pursued. *E.g., Midland National Bank v. Conlogue,* 720 F.Supp. 878 (D.Kan.1989) (duty of bailee to use due care in use or maintenance of bailed property). The presence of a contract remedy does not preclude reliance on a tort theory of recovery. *Id.* at 885. However, a claim for negligence must be based on a duty separate from a contractual duty. *Id.* at 884.

Plaintiffs have identified no duty aside from the alleged contractual duty to perform. The court is aware of no duty imposed by law which would govern the situation before the court. Since the plaintiffs are unable to identify a duty of the government independent of the duty to perform under the alleged contract, plaintiffs do not state a claim for negligence.

The allegations of the complaint, taken in the light most favorable to the plaintiffs, do state a claim for breach of contract. Because plaintiffs' claim of negligence is essentially a claim for breach of contract, the court lacks jurisdiction over this claim under the FTCA. Since the prayer for damages greatly exceeds this court's jurisdictional limit for contract claims under the Tucker Act, transfer to the United States Court of Federal Claims is appropriate. The primary issues before the Court of Federal Claims would appear to be the value of the real estate sought to be redeemed and whether the plaintiffs could have paid for it.

Counts II and III of plaintiffs' complaint allege claims of conversion and tortious breach of contract, which do come within this court's jurisdiction under the FTCA. The government moves to dismiss these claims, arguing that plaintiffs have failed to state a claim on which relief can be granted.

Plaintiffs' second claim for relief is based on conversion. Under Kansas law, conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another. *Moore v. State Bank of Burden,* 240 Kan. 382, 386, 729 P.2d 1205 (1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 (1987); *Temmen v. Kent–Brown Chevrolet Co.,* 227 Kan. 45, 50, 605 P.2d 95 (1980). The allegations of plaintiffs' complaint indicate that plaintiffs voluntarily gave a sum of money to the United States and authorized the exercise of the right of ownership by the United States over those monies. Thus, plaintiffs state no claim for the conversion of the monies. Assuming that the redemption rights in the plaintiffs' former property are "goods or personal chattels," a claim for conversion of those rights must fail. The United States did not convert property belonging to the plaintiffs, as the redemption rights did not belong to the plaintiffs at the time of the alleged agreement. Plaintiffs' claim for conversion fails as a matter of law.

Plaintiffs' third claim for relief asserts a tortious breach of contract. As discussed above, before there can be recovery in tort, there must be a violation of a duty owed by one person to the person seeking recovery. Plaintiffs have identified no duty aside from the alleged contractual duty to perform. In the absence of a duty imposed by law, there can be no tort. Plaintiffs' claim for tortious breach of contract fails as a matter of law.

**IT IS BY THE COURT THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 7) is hereby granted in part and denied in part. Counts II and III of plaintiffs' complaint are hereby dismissed.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1631, this action is hereby transferred to the United States Court of Federal Claims.