**Monica LINVILLE and Paul Linville, Plaintiffs,**

v.

**Angela BARROWS, et al., Defendants.**

**No. CIV–06–1430–R.**

United States District Court, W.D. Oklahoma.

April 19, 2007.

T. Douglas Stump, Oklahoma City, OK, for Plaintiffs.

Robert Don Evans, Jr., U.S. Attorney's Office, Oklahoma City, OK, for Defendants.

### *ORDER*

DAVID L. RUSSELL, District Judge.

This matter comes before the Court on the Motion to Dismiss, filed by the Defendants, Angela Barrows, District Director, District 16, United States Citizen and Immigration Services (USCIS), RobertMueller, Director of the Federal Bureau of Investigation (FBI) and Michael Chertoff, Secretary of the Department of Homeland Security. Plaintiffs responded in opposition to the motion. For the reasons set forth herein, the motion to dismiss is hereby denied.

On May 15, 2005, Plaintiff Monica Linville, a citizen of Ecuador, filed an I–485 application for adjustment of status, based on an approved I–130, submitted by her husband, Plaintiff Paul Linville. Plaintiffs filed this action alleging jurisdiction pursuant to 28 U.S.C. § 1331 and 1361, the Administrative Procedure Act, 5 U.S.C. § 704, and the Declaratory Judgment Act, seeking an order compelling a decision on

the I-485. Plaintiffs further assert that jurisdiction of this Court is not barred by the REAL ID Act.

Defendants have filed a motion to dismiss, asserting that the Court lacks subject matter jurisdiction over the Plaintiffs' claims. Defendants further assert that the complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Plaintiffs assert that the Court has jurisdiction over their claims and that they have sufficiently stated a claim so as to avoid dismissal at this juncture.

■ Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. See U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir.1994). Because federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. Ltd. Partnership-1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991).

■ A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). In reviewing the sufficiency of the complaint, the Court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. *Id.* at 1109.

■ The issue of jurisdiction with regard to the timeliness of adjudicating I-485 applications has not been addressed by the United States Court of Appeals for the Tenth Circuit, and thus this Court turns to decisions from other courts in ascertaining the existence and scope of its jurisdiction. Because mandamus jurisdiction is appropriate only if a plaintiff has not other available avenue of relief, the Court will consider each of Plaintiffs' alternative assertions of jurisdiction first. Having reviewed the substantial but divergent case law on the issue, the Court concludes that jurisdiction is proper under 28 U.S.C. § 1331 and the APA.

The Administrative Procedure Act provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it...." 5 U.S.C. § 555(b). The Act further provides that federal courts "shall ... compel agency action unlawfully withheld or unreasonably delayed...." 5 U.S.C. § 706(1). Other courts considering the issue of jurisdiction under § 1331 and the APA have concluded that they have jurisdiction to "entertain challenges to unreasonably delayed agency action." *Yu v. Brown*, 36 F.Supp.2d 922, 929 (D.N.M. 1999); *see also Saleh v. Ridge*, 367 F.Supp.2d 508, 511-12 (S.D.N.Y.2005); *Bartolini v. Ashcroft*, 226 F.Supp.2d 350, 354 (D.Conn.2002).

It is clear that jurisdiction under the APA is appropriately exercised only if Plaintiffs can establish that each of the Defendants has a clear, nondiscretionary duty to adjudicate Mrs. Linville's I-485 application within a certain period of time. Under § 245 of the Immigration and Nationality Act ("INA"), the Attorney General may, "in his discretion and under such regulations as he may prescribe" adjust an

alien's status to that of an alien lawfully admitted for permanent residence. 8 U.S.C. § 1255(a). Though the decision whether to grant or deny an application for adjustment is plainly made discretionary under the statute, the regulations and the majority of court decisions make clear that immigration officials have a nondiscretionary duty to act on an application, and that such action must be taken within a reasonable time. *See e.g.* 8 C.F.R. § 245.2 (providing that applicant "shall be notified of the decision of the director and, if the application is denied, the reasons for the denial.") (emphasis added); *Yu,* 36 F.Supp.2d at 931 ("All other courts addressing this question have held that INS has a non-discretionary duty to process applications for LPR status as well as all other immigration applications."); *Duan v. Zamberry,* 2007 WL 626116, at *3 (W.D.Pa.Feb.23, 2007) ("The weight of authority ... supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application[.]"); *Haidari v. Frazier,* 2006 WL 3544922, at *4 (D.Minn.Dec.8, 2006) (distinguishing the discretionary decision of whether to grant or deny an adjustment application from the mandatory duty to make any decision); *Hu v. Reno,* 2000 WL 425174, at *3 (N.D.Tex. April 18, 2000) ("Although the INS is vested with broad discretion in making the ultimate decision whether to grant an application for adjustment to permanent resident status, it has a nondiscretionary duty to process the application."). Accordingly, the Court concludes that Defendants owed a duty to the Plaintiffs to adjudicate Mrs. Linville's I–485 within a reasonable time. This finding, however, does not end the Court's inquiry.

■ Defendants assert that any jurisdiction this Court might have has been divested by the INA, 8 U.S.C. § 1252(a)(2)(B) and 1252(g). 8 U.S.C.

§ 1252 entitled "judicial review of orders of removal" provides:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Court concludes without substantial discussion that § 1252(g) does not govern the outcome of this case. "As both the title and the text of § 1252(g) make clear, the statute broadly limits judicial review of 'removal orders' and all actions taken in conjunction with such orders." *Yu,* 36 F. Supp.2d at 934. However, Plaintiffs are challenging the promptness of processing Mrs. Linville's I–485, and this case has nothing to do with removal orders. Accordingly, Defendant cannot rely on § 1255(g) to avoid the Court's jurisdiction in this case.

Furthermore, although 8 U.S.C. § 1252(a)(2)(B)(ii) provides that notwithstanding any other provision of law, no court shall have jurisdiction to review any decision or action of the Secretary of Homeland Security where the authority is vested in the discretion of the Secretary, other than the granting of relief under section 8 U.S.C. § 1158(a), this provision does not preclude the Court's jurisdiction. As set forth above, although the Defendants have discretion in the substance of the decision to amend Mrs. Linville's status, the timeliness of the process is not discretionary.

The subchapter at issue specifies only that it is within the discretion of the

Attorney General to adjust one's status; it does not address, much less specify any discretion associated with, the pace of application processing. Given the absence of an explicit provision to the affect ... Section 1252(a)(2)(B)(II) [is] inapplicable to a claim of adjudicatory delay. Although the speed of processing may be "discretionary in the sense that it is determined by choice, and that it rests with various decisions that Defendants may be entitled to make", it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIA.

*Duan*, 2007 WL 626116, *2. Accordingly, the Court concludes that the jurisdiction stripping provision of § 1252(a)(2)(B)(ii) does not divest this Court of jurisdiction over Plaintiffs' claims. The Defendants had a ministerial nondiscretionary duty to adjudicate Mrs. Linville's I–485 application within a reasonable time. The question remains whether Mrs. Linville's allegation that her I–485 has been pending since May 15, 2005 is sufficient to establish that the Defendants have failed to act in a reasonable time. The Court concludes that at this juncture Plaintiffs' allegations are sufficient to confer jurisdiction on this Court and to avoid dismissal under Rule 12(b)(6).

 "[T]here is no bright line rule as to when a delay on an application slips into the realm of unreasonableness." *Elmalky v. Upchurch*, 2007 WL 944330, *6 (N.D.Tex. March 28, 2007). "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Fraga v. Smith*, 607 F.Supp. 517 522 (D.Or.1985). The following factors are used in determining whether an agency has unreasonably delayed concluding a matter before it in violation of the APA: (1) the time agencies take to make the decision is governed by a "rule of reason" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake, (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, (5) the court should also take into account the nature and extent of the interests prejudiced by the delay, and (6) the court need not "find any impropriety-lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Razaq v. Poulos*, 2007 WL 61884, *6 (N.D.Cal. Jan. 8, 2007) (citations omitted).

There are no formulaic bases for resolving these kinds of issues; there is no particular time frame that is presumptively unreasonable across the agency board. Instead, in each case the court must determine what kind of decision the applicant was asking the government to make, what kind of information the government would reasonably need to acquire in order make that decision responsibly, how much time it might take to gather that information, whether the applicant could have provided needed information faster or more reliably, what competing demands were being made on the agency during the relevant period, and whether there were forces at work or barriers involved that were beyond the agency's control that disabled it from getting a sufficient information base to make the kind of decision it was being asked to make.

*Id.* Additionally, courts have considered the source of the delay, for example the complexity of the investigation, and whether a defendant participated in delaying the

proceedings. *See* *Bartolini,* 226 F.Supp.2d at 354. The only information provided by the Defendants to the Court does not provide a sufficient basis for concluding as a matter of law that Plaintiffs cannot prevail on their claims. Without additional evidence regarding the actions taken by the Defendants between the date of the filing of the I–485 and the date the Plaintiffs filed this action the Court cannot determine whether the Defendants' failure to adjudicate the application was unreasonable. Accordingly, the motion to dismiss is DENIED.

**IT IS SO ORDERED** this 19th day of April 2007.