**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 9, 2007**

**TENTH CIRCUIT**

CLARISSA WELLS,

Plaintiff-Appellant,

v.

JONATHAN JAMES FERNANDEZ,
and DONNA FERNANDEZ,

Defendants-Appellees.

No. 07-1062

(District of Colorado)

(D.C. No. 06-CV-02315-ZLW)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

This automobile tort suit was dismissed from federal district court because

the parties' citizenship was not completely diverse. The plaintiff, Appellant

Clarissa Wells, resides in Aurora, Colorado. Among the defendants are two

persons, Jonathan and Donna Fernandez, who the complaint alleges reside in

Denver, Colorado. *Id.* Under longstanding precedent, a federal court has

diversity jurisdiction under 28 U.S.C. § 1332(a) to entertain state-law claims only

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Ms. Wells argued in district court and reiterates on appeal that there is no evidence either way to establish the citizenship of the defendants. This argument does nothing to further Ms. Wells's cause. As the person invoking federal court jurisdiction, Ms. Wells bears the burden of proving that both this Court and the district court have subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). If she is correct that no evidence exists to establish the defendants' citizenship, this failure of proof is an additional reason that Ms. Wells's claim should be dismissed without prejudice—not a reason to reinstate her lawsuit. Therefore, Ms. Wells' **APPEAL IS DISMISSED**.

Appellant's motion to proceed *in forma pauperis* is **GRANTED.**

Entered for the Court,

Michael W. McConnell
Circuit Judge