FILED
United States Court of Appeals
Tenth Circuit

July 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES BLUME,

    Plaintiff - Appellant,

v.

LOS ANGELES SUPERIOR COURTS;
LOS ANGELES POLICE DEPT.;
STATE OF CALIFORNIA, Appellate
Courts Division; LOS ANGELES
HOUSING DEPT., a/k/a LAHCID,

    Defendants - Appellees.

No. 18-4031
(D.C. No. 2:17-CV-01155-DN)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.[**]

Plaintiff-Appellant James Blume filed an original complaint in October 2017. The complaint appeared to allege several grievances against the Los Angeles Superior Courts, the Los Angeles Police Department, the State of California Appellate Courts Division, and the Los Angeles Housing Department. Plaintiff alleged the courts were "rigged"

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

against him and claimed he was being "stalked" for being a whistleblower. In October 2017, the district court granted Plaintiff's application for leave to proceed *in forma pauperis* (IFP) and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915. In December 2017, the magistrate judge dismissed the complaint without prejudice based on the court's assessment the complaint did not establish jurisdiction and did not satisfy the basic pleading requirements of Fed. R. Civ. P. 8. Plaintiff then filed another pleading, which the district court construed as an amended complaint. In January 2018, prior to serving the named Defendants, the magistrate judge issued a Report and Recommendation, which recommended the complaint be dismissed for lack of jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Later that month, the district court adopted the recommendation in its entirety and dismissed the action with prejudice.

Plaintiff now appeals the final judgment, generally arguing the same incoherent and rambling allegations raised in the underlying complaint. We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

A plaintiff has the burden to establish subject matter jurisdiction. *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In general, subject matter jurisdiction arises from diversity of the parties or by raising a federal question. 28 U.S.C. §§ 1332, 1331. Given all Defendants are California entities and Plaintiff is domiciled in California, diversity does not exist. Accordingly, Plaintiff

must establish federal question jurisdiction to avoid dismissal. "[J]urisdiction under § 1331 exists only where there is a colorable claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quotation omitted). "A claim can be meritless while still being colorable, but a court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (citation and quotation omitted). To determine whether jurisdiction exists under § 1331, we ask whether "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." *Duke Pwr. Co. v. Carolina Envt'l Study Grp.*, 438 U.S. 59, 70 (1978).

Here, Plaintiff's largely incoherent complaint listed numerous causes of action arising under federal law and the Constitution (i.e., 42 U.S.C. § 1983, 42 U.S.C. § 1985 and violations of the 1st, 6th, 7th, 8th, and 14th Amendments, and "ADA of 1990"). Plaintiff's undeveloped assertions, however, are insufficient to establish a colorable claim arising under federal law. Even under a liberal interpretation, Plaintiff's causes of action are wholly without merit. Take Plaintiff's first issue, for example, where Plaintiff apparently contends a probate court in California committed "Judicial Theft." Plaintiff claims there was "No Full Disclosure of accounting of the Estate of Mine M. Blume," which was a "violation of the Constitution of the United States, 5th, 14th, and 8th Amendment Rights and ADA of 1990 and 2008." Br. at 24−25. At no point does Plaintiff explain how disclosure of an estate accounting relates to any of the federal laws

3

listed. With nothing more than conclusory and undeveloped assertions, Plaintiff's claims are completely devoid of merit as not to involve a federal controversy. The district court, therefore, properly dismissed Plaintiff's complaint based on a lack of subject-matter jurisdiction.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge