**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BIGLER JOBE STOUFFER, II,
Trustor/Custodian,

      Plaintiff-Appellant,

  and

FAMILIES AGAINST INJUSTICE
TO HUMANITY, Beneficiary of
Trust (sued as F.A.I.T.H.),

      Plaintiff,

v.

STIFEL, NICOLAUS & COMPANY,
INC., of St. Louis Missouri, Trustees,

      Defendant-Appellee.

No. 97-5195
(D.C. No. 96-CV-1034)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his claims for fraud, deception, and conversion of certain accounts held by defendant under the "Uniform Transfer to Minors Act."     See R. Vol. I, tab 1 at 1 (complaint).  In his complaint, plaintiff cites 28 U.S.C. §§ 1331, 1332, and 1964 as jurisdictional bases for his action.  The district court dismissed the action on several alternative grounds, including that plaintiff's claims were not brought within the statute of limitations, failure to comply with the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted.  The district court did not examine its jurisdiction, except to note that it "declines to address the jurisdictional validity of the statutes pled in view of the dismissal of the complaint as stated herein."  R. Vol. I, tab 22 at 9 n.3.

The statutes plaintiff cites as jurisdictional bases are the diversity of citizenship statute (§ 1332), federal question (§ 1331), and constructive notice of pending actions involving real property (§ 1964).  Plaintiff has not established diversity of citizenship, because the complaint does not identify the citizenship of plaintiff entity F.A.I.T.H.  For diversity jurisdiction to exist, no plaintiff may

have the same citizenship as any defendant.      See § 1332(a)(1).  A presumption against jurisdiction exists, and the party invoking jurisdiction bears the burden of proof.  See Penteco Corp. Ltd. Partnership v. Union Gas Sys., Inc.     , 929 F.2d 1519, 1521 (10th Cir. 1991).

> To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction.  The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.  Where the pleadings are found wanting, an appellate court may also review the record for evidence that diversity does exist.

Id. (quotation and citations omitted).  The complaint and record in this case are silent as to even the legal nature of plaintiff F.A.I.T.H., let alone its citizenship.  Plaintiff has failed to establish diversity jurisdiction.

Plaintiff also claims federal question jurisdiction.  Again, neither the complaint nor any other part of the record identifies any federal question.  Plaintiff has identified no laws of the United States of which defendant is in violation, nor has he cited Constitutional origin for this action.      See 28 U.S.C. § 1331.

Finally, § 1964 has nothing to do with federal court jurisdiction and has no application whatsoever to this action.  Plaintiff has failed to establish federal court jurisdiction.  The appeal is DISMISSED, and we REMAND the case to the

district court with instructions to vacate its order of August 14, 1997, and dismiss the case for lack of jurisdiction.

ENTERED FOR THE COURT
PER CURIAM