**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BIGLER JOBE STOUFFER, II,
Trustor/Custodian,

     Plaintiff-Appellant,

  and

FAMILIES AGAINST INJURIES TO
HUMANITY, Beneficiary of Trust
(sued as F.A.I.T.H.),

     Plaintiff,

v.

STIFEL, NICOLAUS & COMPANY,
INC., of St. Louis Missouri, Trustees,

     Defendant-Appellee.

No. 99-5013
(D.C. No. 96-CV-1034-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Bigler Jobe Stouffer, II, appeals from the district court's order denying him leave to amend his complaint. He requests appointment of counsel on appeal. Defendant-appellee has filed a motion to dismiss the appeal. We deny plaintiff's request for counsel and defendant's motion and dismiss the appeal as frivolous.

Plaintiffs, Bigler Jobe Stouffer, II, and F.A.I.T.H., filed their complaint alleging fraud, deception, and conversion. Federal jurisdiction was based on diversity of citizenship, see 28 U.S.C. § 1331, and a federal statute, 28 U.S.C. § 1964. The district court dismissed the complaint and plaintiffs appealed. On appeal, this court determined that plaintiffs had failed to meet their burden to establish diversity jurisdiction because the complaint did not identify the citizenship of F.A.I.T.H. See Stouffer v. Stifel, Nicolaus & Co., No. 97-5195, 1998 WL 792077, **1 (10th Cir. Oct. 15, 1998). This court further held that plaintiffs had failed to establish federal question jurisdiction. See id. Accordingly, the appeal was dismissed and the case was remanded to the district

-2-

court with directions to dismiss plaintiffs' complaint for lack of jurisdiction.     See id.

On remand, plaintiffs filed a request to amend their complaint.  The motion was not accompanied by a proposed amended complaint, but it requested an extension of time to file one.  The district court denied leave to amend.

We first address defendant's motion to dismiss which argues that the prior appellate decision holding that federal jurisdiction does not exist is the law of the case.  Therefore, according to defendant, this court is without jurisdiction to consider matters presented by plaintiff's current appeal.  The limited issue before us, however, is whether the district court properly denied leave to amend the complaint.  Consequently, we have appellate jurisdiction over the district court's order denying leave to amend.

We turn to the merits of plaintiff Bigler Jobe Stouffer's appeal.  He alleges the district court erred in refusing him leave to amend his complaint, relying on 28 U.S.C. § 1653.  We review the district court's decision to deny leave to amend a complaint for an abuse of discretion.     See Viernow v. Euripides Dev. Corp.   , 157 F.3d 785, 799 (10th Cir. 1998).  The district court's ruling was based on its

determination, despite plaintiffs' efforts to establish the identity of F.A.I.T.H. for diversity purposes, that they had failed to do so. [1]

Plaintiff attached to his appellate materials his proposed amended complaint. The district court did not have an opportunity to consider it, however, because it was not filed with the district court. Furthermore, plaintiff's motion for leave to file an amended complaint did not indicate the contents of the amendment. Instead, plaintiff's motion argued that the statements submitted by Joyce Stouffer to show that she was a resident of Oklahoma and that she was the sole beneficiary and administrator of F.A.I.T.H. were sufficient to establish the identity of F.A.I.T.H. and satisfy the requirements for diversity jurisdiction. The motion to amend indicated that alleging those facts would cure the deficiencies referenced by the appellate decision.

Because we do not review on appeal pleadings not first presented to the district court, see John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994), we do not consider the proposed amended complaint. Therefore, we conclude that the district court properly denied the motion to amend based on the information and arguments before it. Plaintiff did not demonstrate the legal

---

[1] Because we affirm the district court's ruling on this ground, we do not address the alternate grounds on which the district court denied leave to amend.

character of F.A.I.T.H. to permit the court to examine its citizenship for diversity purposes.

Plaintiff's motion to amend requested an extension of time to file an amended complaint. The district court denied leave to amend, implicitly also denying an extension of time to file a proposed amended complaint. We review the district court's denial of an extension of time for an abuse of discretion. <u>See</u> <u>Ellis v. University of Kan. Med. Ctr.</u>, 163 F.3d 1186, 1193 (10th Cir. 1998). Plaintiff offered no reason for requesting additional time. <u>See</u> Fed. R. Civ. P. 6(b) (court may "for cause shown" grant enlargement of time to file pleading). The district court did not prevent plaintiff from filing a proposed amended complaint; rather, it abided by the rule requiring that a proposed amended complaint be filed contemporaneously with the motion. <u>See</u> Local Rule 9.3(C) of the Northern District of Oklahoma. Moreover, throughout the proceedings in the district court, plaintiff suggested that he could amend his complaint, but he never did so. Therefore, we find no abuse of discretion in the district court's implicit denial of an extension of time.

Plaintiff has requested appointment of counsel for this appeal. We have considered the merits of the case, the factual issues raised, plaintiff's ability to present his arguments, and the complexity of the legal issues, and we conclude that appointment of counsel will not assist in the presentation of this appeal. <u>Cf.</u>

Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (reviewing district court's denial of appointment of counsel).

Plaintiff's request for appointment of appellate counsel is DENIED. Defendant's motion to dismiss is DENIED. The appeal is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B), to count as a "prior occasion" for purposes of the three-strikes provision set out in 28 U.S.C. § 1915(g). See Jennings v. Natrona County Detention Ctr. Med. Facility, 175 F.3d 775, 780-81 (10th Cir.1999). We remind plaintiff that he remains obligated to pay all installments of the deferred appellate filing fee until it is paid in full. No exception is made for dismissed appeals. See 28 U.S.C. § 1915(b)(2). The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge