F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PATRICIA MARTINEZ,

      Plaintiff-Appellant,

v.

MICHAEL D. MARTINEZ; PAUL
WEIST; JEAN SMITH; SUN STAR
ASSOCIATES; ALBUQUERQUE
COMMERCIAL REALTY, INC.;
OTHERS YET UNNAMED,
Individually, Jointly and Severally,

      Defendants-Appellees.

     No. 02-2182
  (D.C. No. CIV-01-36 BB/WWD)
        (D. N.M.)

_____

PATRICIA MARTINEZ,

      Plaintiff,

v.

MICHAEL D. MARTINEZ; PAUL
WEIST; JEAN SMITH; SUN STAR
ASSOCIATES; ALBUQUERQUE
COMMERCIAL REALTY, INC.;
OTHERS YET UNNAMED,
Individually, Jointly and Severally,

      Defendants-Appellees.

     No. 02-2188
  (D.C. No. CIV-01-36 BB/WWD
        (D. N.M.)

_____

STEPHEN McILWAIN,

    Attorney-Appellant.

**ORDER AND JUDGMENT** [*]

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

These appeals stem from the district court's dismissal, with prejudice, of

plaintiff Patricia Martinez's claims brought under the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, as well as her

various state law claims. The district court concluded that plaintiff failed to state

a claim under RICO and failed to establish a basis for diversity jurisdiction for

the remainder of her claims. The district court then imposed sanctions on

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

plaintiff's counsel for filing a frivolous pleading. In No. 02-2182, plaintiff appeals the dismissal of her complaint. In No. 02-2188, plaintiff's counsel appeals the court's imposition of sanctions. For the following reasons, this court affirms the district court's orders dismissing plaintiff's complaint and imposing sanctions on plaintiff's counsel. Insofar as the district court's order dismissed plaintiff's state law claims with prejudice, however, this court vacates the order and the case is remanded to the district court with instructions to dismiss those claims without prejudice.

## I. Background

This dispute arose from a divorce between plaintiff and defendant Michael Martinez in 1999. On January 10, 2001, plaintiff filed a pro se complaint in federal district court alleging violations of RICO, fraud and conspiracy to commit fraud, intentional infliction of emotional distress, negligent misrepresentation, and unjust enrichment, based on her belief that defendants acted together to conceal income and other material facts from the domestic relations court. Approximately two months later, appellant Stephen McIlwain entered his appearance as plaintiff's counsel. On the same day, defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

At a hearing on the motion, the district court specifically questioned plaintiff's counsel on the appropriateness of bringing a RICO claim on the facts

of this particular case, at which time counsel requested leave to amend the complaint. The court also asked counsel whether plaintiff had a diversity basis for bringing the suit in federal court. Counsel replied:

> I believe there is, Your Honor. I think my client is no longer within the state, although, I guess the diversity problem–and it's something that I have not explored, I'll be quite candid with the Court as to the–my client's state citizenship as of January 10th of this year.

R. Vol. II (transcript of proceeding 07/02/01) at 16. The district court granted defendants' motion to dismiss, telling plaintiff's counsel, "I don't think there is any way you can amend, frankly, to bring this within RICO." *Id.* at 17. Nevertheless, the court also granted plaintiff's request to amend the complaint, albeit with clear and specific instructions for plaintiff's counsel to investigate carefully the propriety of the federal claim and to address diversity of citizenship between the parties, if necessary.

Plaintiff filed her first amended complaint on July 23, 2001, containing essentially the same RICO and state law claims set forth in her original complaint. In her jurisdictional statement, plaintiff alleged that "[j]urisdiction is proper under 28 U.S.C. 1331, 1332(a)(1) and Title 18 U.S.C. 1961-1962-1963-1964." R. Vol. I, doc. 31 at 1. In her description of the parties, plaintiff stated:

> 1. Plaintiff Patricia Martinez was married in Bernalillo County, State of New Mexico, with wrongs alleged in this Complaint resulting in said county and state.

-4-

2. Upon information and belief, Defendants are individuals and/or business entities living in or operating in the State of New Mexico, during all times relevant and material to this Complaint.

*Id.*

Defendants moved to dismiss the amended complaint in its entirety, arguing that plaintiff failed to sufficiently state either a federal or a state cause of action. Defendants also argued that plaintiff failed to sufficiently plead diversity jurisdiction. Therefore, as an alternative basis for dismissal, defendants argued that, because plaintiff failed to state a claim under RICO, the court lacked a diversity basis for jurisdiction on plaintiff's state law claims. Defendants separately moved for sanctions against plaintiff and her counsel for filing the amended complaint.

In her response to the motion to dismiss, plaintiff replied generally to defendants' arguments on the merits of her claims, but only briefly addressed the question of diversity jurisdiction. As to the diversity issue, she stated:

Plaintiff has been a resident of the state of Texas since 1994 and the amount in controversy far exceeds $75,000.00 as alleged in the prayer for relief. . . . Plaintiff submits as evidence for diversity jurisdiction, the summons issued by Defendant Michael Martinez with his divorce petition to Plaintiff at her residence in State of Texas in 1995. See Exh. A.

R. Vol. I, doc. 51 at 5. Plaintiff did not attach the summons to the response.

In a memorandum opinion dated May 8, 2002, the district court granted defendants' motion to dismiss and their motion for sanctions. Specifically, the

court concluded that plaintiff's amended complaint (1) failed to allege specific facts stating the elements essential to her federal claim under RICO and (2) failed to satisfactorily allege a basis for exercising diversity jurisdiction over her state law claims. *Martinez v. Martinez,* 207 F. Supp. 2d 1303, 1305-08 (D. N.M. 2002). In ruling on sanctions, the court found that no reasonable or competent counsel would have filed a RICO claim in this case. Relying additionally "on the amended complaint's complete failure to include any diversity-jurisdiction allegations," the court concluded that, "given the explicit warning provided to Plaintiff's counsel, and counsel's apparent failure to comply with his responsibility to perform minimal research on the RICO question before filing the amended complaint, Rule 11 sanctions are in order here." *Id.* at 1309 and n.5.

The court subsequently scheduled a hearing to determine the appropriate sanctions to be imposed on plaintiff's counsel and to decide whether plaintiff should personally bear a portion of defendants' attorney's fees. After the hearing, the court issued a final order on June 10, 2002, granting defendants' motion for sanctions against plaintiff's counsel pursuant to Fed. R. Civ. P. 11 and the bad faith exception to the American rule, which ordinarily disfavors awarding attorney's fees to a prevailing party. The court specifically found that plaintiff's counsel had violated Fed. R. Civ. P. 11(b), as well as the Lawyers Creed of Professionalism of the State Bar of New Mexico, adopted by local rule in the

federal district court, and ordered him to pay expenses, costs, and fees incurred by defendants in contesting plaintiff's amended complaint. Because plaintiff's counsel assumed full responsibility for filing the amended complaint, the court denied defendants' request for sanctions against plaintiff personally. On June 12, 2002, the court issued its final order dismissing plaintiff's case. These appeals followed.

## II. No. 02-2182

In this appeal, plaintiff argues that the district court erred in dismissing her RICO claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), and her state law claims for lack of subject matter jurisdiction. This court reviews each of these determinations de novo. *See Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (failure to state a claim under Rule 12(b)(6)); *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000) (failure to plead fraud with particularity under Rule 9(b)); *US West, Inc. v. Tristani,* 182 F.3d 1202, 1206 (10th Cir. 1999) (lack of subject matter jurisdiction).

After a careful review of the record in this case, this court concludes that the district court properly dismissed plaintiff's federal RICO claim with prejudice. The district court correctly ruled that plaintiff's amended complaint was deficient and failed to adequately allege elements crucial to a legitimate

RICO claim, and we affirm the court's dismissal of that cause of action for substantially the same reasons as those set forth in the district court's May 8, 2002, memorandum opinion.

Moreover, the district court correctly ruled that plaintiff failed to adequately allege a basis for exercising diversity jurisdiction over her state law claims. Title 28 U.S.C. § 1332 confers jurisdiction in the district court over an action between citizens of different states if the amount in controversy exceeds $75,000.00. For purposes of diversity jurisdiction, one is a citizen of the state in which he or she is domiciled. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir. 1983). Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely. *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). To invoke the power of the court pursuant to § 1332, allegations of diversity must be pleaded affirmatively. "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, appellate courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. Partnership–1985A v. Union Gas Sys., Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted). "The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction. Where the pleadings are found wanting, an appellate court may also review the record for

evidence that diversity does exist." *Id.* (quotation omitted). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence, and the party invoking federal jurisdiction bears the burden of proof when diversity is challenged. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

Under these standards, it is clear that plaintiff did not adequately establish a basis for diversity jurisdiction in her amended complaint. As noted by the district court, despite her passing reference to the diversity statute, 28 U.S.C. § 1332, plaintiff made no allegations of actual citizenship of the parties. The allegation in her response to defendants' motion to dismiss–that she has been a resident of Texas since 1994–is insufficient on its face. *See Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Moreover, plaintiff provided the district court with no evidence in support of her argument, leaving only general and conclusory allegations of jurisdiction. Finally, in her original complaint, plaintiff listed her address as a post office box in Albuquerque, New Mexico, a fact which, as the district court correctly noted, militates against a finding of diversity. Based on the record before it, the district court correctly concluded that plaintiff failed to establish a foundation for diversity jurisdiction over her state law claims.

On appeal, plaintiff requests this court to allow her to supplement the record with evidence that was not before the district court, but which, she claims, establishes a diversity basis for her suit. Pursuant to 28 U.S.C. § 1653, this court may permit plaintiff to amend her complaint on appeal to cure defective jurisdictional allegations. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As the Supreme Court has explained, however, § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 831 (1989). In the present case, plaintiff was given an opportunity to offer a factual basis for diversity jurisdiction in her amended complaint and in response to defendants' motion to dismiss, but she did not do so. Thus, "there was not merely a defective allegation of jurisdiction, but rather there was no tendered showing that jurisdiction in fact existed under the original or amended complaint." *Aetna Cas. & Sur. Co. v. Hillman,* 796 F.2d 770, 776 (5th Cir. 1986). As a result, even if this court were to correct her obviously deficient allegations of jurisdiction, it would still conclude that she had not met her burden before the district court to specifically allege facts essential to support those allegations. *See Penteco Corp.,* 929 F.2d at 1521; *see also Molnar v. Nat'l Broad. Co.,* 231 F.2d 684, 687 (9th Cir. 1956) ("Allegations founding jurisdiction of a federal

court must be precise."). Plaintiff's request that this court supplement the record and revisit this evidentiary issue is no more than an attempt to retroactively create federal subject matter jurisdiction on appeal where none existed in the district court. Consideration of plaintiff's extra-record material would require this court to act in contravention of its role as a reviewing tribunal, and therefore her motion to supplement the record is denied. *See Penteco Corp.,* 929 F.2d at 1523 (stating that, "[a]s an appellate court, we are in no position to make the necessary evidentiary rulings needed" to resolve the diversity issue presented). [1]

In its May 8, 2002, memorandum opinion, the district court granted defendants' motion to dismiss plaintiff's state law claims, finding that plaintiff failed to establish a basis for diversity jurisdiction over those claims. In its final order dated June 12, 2002, the court dismissed those state law claims with prejudice. However, dismissal for lack of subject matter jurisdiction is not an

---

[1] Having reviewed the requested additions to the record, we note that, even if this court granted plaintiff's request, those additions–a court summons dated June 30, 1995, an unsigned lease agreement, a purported rent check signed by a third party, a Kansas bank statement sent to a post office box in Texas, a Wisconsin bank statement sent to a post office box in Wisconsin, and a check with plaintiff's name and a Texas address on its face–are deficient. As previously stated, diversity jurisdiction hinges on a party's domicile, not merely his or her residence in a state, and "domicile is established by physical presence in a place in connection with a certain state of mind concerning's one intent to remain there." *Holyfield,* 490 U.S. at 48. At most, these documents show plaintiff's tenuous ties to several states and in no way meet the level of precision and clarity required to invoke the court's jurisdiction.

-11-

adjudication on the merits; therefore the dismissal should have been without prejudice. *See Hollander v. Sandoz Pharm. Corp.,* 289 F.3d 1193, 1216 (10th Cir.) (holding that the district court's jurisdictional ruling that did not address the merits of plaintiff's claim should have been dismissed without prejudice), *cert. denied*, 123 S. Ct. 697 (2002); *Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."). In their brief on appeal, defendants argue that this court should affirm the dismissal with prejudice as an appropriate disposition of the case in light of plaintiff's repeated failure to cure deficiencies in her pleadings, or as a sanction. This court declines to do so, however, as the record does not sufficiently support either ground. Therefore, this case is remanded to the district court with instructions for that court to dismiss plaintiff's state law claims without prejudice.

### III. No. 02-2188

In this appeal, plaintiff's counsel claims that sanctions against him were unjustified, arguing in his opening brief that his actions were objectively reasonable based on the merits of appeal No. 02-2182, and in his reply brief that opposing counsel improperly raised the issue of diversity jurisdiction and that the trial judge was personally biased against the plaintiff. We review a district court's determination to impose Rule 11 sanctions and to award attorney's fees

-12-

under the bad faith exception to the American rule for abuse of discretion. *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.),* 87 F.3d 435, 439 (10th Cir. 1996) (Rule 11 sanctions); *Sterling Energy, Ltd. v. Friendly Nat'l Bank,* 744 F.2d 1433, 1435-36 (10th Cir. 1984) (award of attorney's fees under bad faith exception).

Based on the circumstances in this case, this court concludes that the district court did not abuse its discretion. When dismissing plaintiff's original complaint, the district court specifically instructed counsel to investigate carefully the merits of plaintiff's RICO claim and/or some basis for diversity jurisdiction before filing an amended complaint. As noted by the district court, however, counsel re-filed essentially the same complaint, adding little or nothing to support plaintiff's conclusory allegations under RICO or the diversity statute. At the hearing on sanctions, counsel was unable to convince the district court that his actions were either reasonable or made in good faith. Likewise, counsel's arguments on appeal are without merit. We agree with the district court that "[n]o reasonable or competent counsel who had read any Tenth Circuit cases concerning civil RICO complaints, and the requisites thereof, could believe that the amended complaint filed in this case stated a viable RICO claim." *Martinez,* 207 F. Supp. 2d at 1309. Counsel's argument that defendants improperly raised the diversity issue fails because it was plaintiff's burden to properly allege and

prove a basis for jurisdiction in the first instance, and it is the duty of a federal court to determine the matter sua sponte even if it is not raised at all. *See Basso,* 495 F.2d at 909. His argument that the trial judge was personally biased or prejudiced in the case is unsupported by the record.

## IV. Conclusion

For the foregoing reasons, the district court's order dated June 12, 2002, is VACATED insofar as it dismissed plaintiff's state law claims with prejudice and that matter is REMANDED with instructions for the district court to dismiss those claims without prejudice. In all other respects, the orders of the United States District Court for the District of New Mexico are AFFIRMED. Defendants' unopposed motion to correct the record, filed October 21, 2002, is GRANTED. All other outstanding motions are DENIED.

Entered for the Court


Michael R. Murphy
Circuit Judge