Marianne ROSNER, Plaintiff,

v.

Andrew ROSNER, Esq.; the law firm of Andrew Rosner, also known as the law firm of Andrew Rosner and Associates; Steven Borofsky, Esq.; and Alan Green, M.D., Defendants.

No. 10–cv–3072 (ADS)(ETB).

United States District Court, E.D. New York.

Feb. 28, 2011.

---

Jennifer Lynn McCann, Esq., of Counsel, Law Offices of Thomas F. Lotti, Esq., Garden City, NY, for plaintiff.

Andrew Rosner, Esq., Garden City, NY, Defendant pro se.

Steven Jay Borofsky, Esq., Garden City, NY, Defendant pro se.

Alan Green, Little Neck, NY, Defendant pro se.

No Appearance for the Law Firm of Andrew Rosner, also known as The Law Firm of Andrew Rosner and Associates.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff in this case, Marianne Rosner, asserts against all of the defendants a single cause of action for violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"). The defendants now move to dismiss this claim. For the reasons that follow, the Court grants the defendants' motions to dismiss.

## I. BACKGROUND

The plaintiff Marianne Rosner either was or is married to the defendant Andrew Rosner, an attorney admitted in New York State. Although her marriage to Andrew Rosner forms the basis for this lawsuit, this fact remains unplead, and the Court infers this relationship from the plaintiff's references to "marital funds" (Compl., ¶ 17(u)(i)) and "equitable distribution" (id., ¶ 17(h)) in her complaint, as well as from the parties' discussion of the divorce proceedings between Marianne and Andrew Rosner.

Although Marianne Rosner never expressly describes her relationship with Andrew Rosner in her complaint, her lawsuit is predicated on her assumed right to recover marital property from Andrew Rosner based on her past or present marriage to him. According to the plaintiff, Andrew Rosner, along with two other attorneys and a doctor, has frustrated this right by engaging in a pattern of racketeering, with the goal of hiding these marital assets from her and from the court hearing the Rosners' divorce proceedings. Specifically, the plaintiff alleges that:

(1) Andrew Rosner paid the defendant Alan Green, M.D. approximately $2 million that Green did not earn, for the purpose of preventing Marianne Rosner from having access to that money. Rosner then later allegedly arranged for the former-defendant Stuart Gelberg, Esq.—against whom the plaintiff has now dismissed her claim—to assist Dr. Green in filing for bankruptcy, with the goal of "discharg[ing] Plaintiff Marianne Rosner as a creditor of Defendant Alan Green, M.D." (Compl., ¶ 17(j).)

(2) The defendant Steven Borofsky, Esq., who is an associate in Andrew Rosner's law firm, prepared and mailed false tax returns for both Andrew Rosner and Green, for the purpose of hiding their assets from the plaintiff and the bankruptcy court. Rosner then signed his fraudulent tax forms.

(3) Both Andrew Rosner and Borofsky prepared and mailed "fraudulent court filings ... in connection with the [Rosners'] matrimonial case." (Id., ¶ 17(r), see also, id., ¶ 17(t).)

(4) Over the course of several years, Andrew Rosner made improper

transfers of money into and out of both (i) the client escrow funds he managed and (ii) his personal accounts, for the purpose of hiding marital property from Marianne Rosner.

On July 2, 2010, the plaintiff commenced the present action, asserting one claim against each of the defendants for violation of RICO, based on the allegations described above. On July 19, 2010, the defendant Andrew Rosner moved to dismiss the plaintiff's claim pursuant to Fed. R. 12(b)(6) for failure to state a claim, and on July 23, 2010, the defendant Steven Borofsky also moved to dismiss the complaint on the same grounds. More than a month later, on August 27, 2010, the defendant Alan Green similarly moved to dismiss the complaint pursuant to Rule 12(b)(6), as did the former-defendant Stuart Gelberg, who filed his motion to dismiss on August 31, 2010. On October 14, 2010, the plaintiff then voluntarily dismissed her claim against Gelberg. However, she continues to oppose the motions to dismiss by the remaining three defendants. In addition, on October 8,2010, Andrew Rosner moved for Rule 11 sanctions against the plaintiff's attorney, Thomas Liotti, Esq. The plaintiff also opposes this motion.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has explained that, after *Twombly*, the Court's inquiry under Rule 12(b)(6) is guided by two principles. *Harris v. Mills*, 572 F.3d 66 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, —— U.S. ——,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950.

The Court notes that the plaintiff appears to conflate the *Twombly* standard with the rule requiring specific pleading for allegations of fraud. First, the plaintiff's general reliance on the motion to dismiss standard that was articulated in *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") is improper, as the Supreme Court explicitly abrogated this standard in *Twombly*, 550 U.S. at 562–63, 127 S.Ct. 1955. Second, while the *Twombly* standard for pleading applies to all allegations made in a complaint—including allegations of fraud—it is Fed.R.Civ.P. 9(b), not *Twombly*, that requires specificity of pleading when asserting a cause of action based on fraud. *See* Rule 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances consti-

tuting fraud or mistake...."); *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) (a "complaint making [allegations of fraud] must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." (internal quotations and citations omitted)).

**B. As to the Defendants' Motions to Dismiss**

In the Court's view, there is a serious question as to whether the plaintiff has plead the allegations of fraud that form the primary basis for her RICO claim with sufficient specificity to satisfy Rule 9(b). *See, e.g., Spool v. World Child Intern. Adoption Agency*, 520 F.3d 178, 185 (2d Cir.2008) (noting that RICO predicate acts based on fraud must be plead with specificity). However, even assuming that this burden has been met, the Court will grant the motion to dismiss the plaintiff's complaint based on two other major defects.

■ First, among the myriad burdens that a plaintiff must meet to proceed on a RICO claim is to allege facts showing that the defendants engaged in a "pattern" of racketeering. *See, e.g., DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir.2001). A pattern of racketeering may be "closed-ended" or "open-ended". *See H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 242, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A closed-ended pattern has a discrete beginning and end, with sufficient predicate acts to establish a pattern. *See, e.g., Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d Cir.1999). An open-ended pattern need not have as many or as broad a set of predicate acts, but it must be the type of pattern that is likely to continue indefinitely in the future. *See, e.g., Vicom, Inc. v.*

*Harbridge Merchant Servs.*, 20 F.3d 771, 782 (7th Cir.1994).

■ Here, the plaintiff has not alleged an open-ended pattern of racketeering, as the defendants' alleged scheme has a natural ending point: the resolution of the Rosners' divorce proceedings. *See, e.g., Golden v. Nadler, Pritikin & Mirabelli, LLC*, No. 05–cv–283, 2005 WL 2897397, *7 (N.D.Ill. Nov. 1, 2005) (reaching a similar conclusion concerning allegations that a party violated RICO by disrupting divorce proceedings). However, to determine whether a closed-ended pattern of racketeering activity has been plead requires additional inquiry. First, the Court considers both the length and the breadth of the alleged predicate acts of racketeering. *See, e.g., Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d Cir.1999). Although not a bright line rule, the Second Circuit has not found closed continuity in any scheme lasting less than two years. *Fresh Meadow Food Services, LLC v. RB 175 Corp.*, 282 Fed. Appx. 94 (2d Cir.2008); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir.2004). As for the question of the breadth of the alleged acts, this requires consideration of not just the number of alleged predicate acts, but also the number of alleged victims of the scheme and the alleged general societal effect of the scheme. *See, e.g., Gross v. Waywell*, 628 F.Supp.2d 475, 489–90 (S.D.N.Y.2009) (discussing the importance of the societal effect of a RICO scheme); *Sathianathan v. Smith Barney, Inc.*, No. 04–cv–7122, 2007 WL 576097, *3 (S.D.N.Y. Feb. 21, 2007) (noting that a single-victim scheme that rises to the level of a RICO pattern is "rare").

■ Here, the plaintiff has alleged numerous predicate acts that, while not always plainly dated, appear to span approximately three years. However, regardless

of the number and span of the alleged predicate acts, the plaintiff alleges a single goal of all of this activity: to hide marital property from her. In the Court's view, this does not rise to the level of alleged wrongdoing required to state a valid RICO claim. There is only one victim in this alleged scheme—namely, the plaintiff—and the alleged societal effect here is minimal. The plaintiff is not the first person involved in a matrimonial case to attempt to bring a RICO claim against a spouse for allegedly hiding marital assets. The courts that have previously addressed this type of allegation have almost universally found such claims to be a misuse of the RICO statute. *See, e.g., Ruttenberg v. Ruttenberg*, 08–cv–4898, 2009 WL 424548, *5 (N.D.Ill.2009) ("In this case, plaintiff has alleged a scheme with a single goal: to hide Geoffrey's income so that it cannot be awarded to Myra in the divorce.... The alleged conduct is distasteful, but it does not amount to a RICO violation."); *Martinez v. Martinez*, 207 F.Supp.2d 1303 (D.N.M.2002) ("However, the wrongdoing alleged in the complaint involved only a single scheme, to hide Defendant Martinez' assets from Plaintiff and from the state court; affected a small number of victims; occurred during a finite period of time, the pendency of the divorce litigation; and was not the type of wrongdoing that could inflict harm on other members of the public") (footnote omitted), *aff'd in pertinent part and vacated in part on grounds not applicable here*, 62 Fed.Appx. 309 (10th Cir.2003). The Court therefore finds that the plaintiff has not alleged a valid pattern of racketeering activity.

█ In addition, the Court notes another basis for dismissing the plaintiffs claim. The Second Circuit has provided that, "as a general rule, a cause of action does not accrue under RICO until the amount of damages becomes clear and definite." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir.1994); *see*

*also DeMauro v. DeMauro*, 115 F.3d 94, 97–98 (1st Cir.1997) (applying this rule in an alleged RICO divorce case). Here, the plaintiff has alleged numerous acts of secreting assets, but has alleged no facts showing what portion, if any, of those allegedly secreted assets she is entitled to. To the extent that the plaintiff is entitled to any of the allegedly hidden assets, the extent of her rights depends on the resolution of the pending state matrimonial action between the Rosners. While the Rosners' divorce action remains pending, any alleged RICO damages would be indefinite, and the plaintiff would have no standing to assert a RICO claim.

The Court therefore dismisses the plaintiff's RICO cause of action in its entirety. The Court has reviewed the defendant Andrew Rosner's motion for Rule 11 sanctions, and declines to grant this relief.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motions to dismiss are granted, and the plaintiff's complaint is dismissed in its entirety; and it is further

**ORDERED** that the defendant Andrew Rosner's motion for Rule 11 sanctions is denied; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**