FILED
United States Court of Appeals
Tenth Circuit

October 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAWRENCE HARRIS,

        Plaintiff-Appellant,

v.

PBC NBADL, LLC,

        Defendant-Appellee.

No. 11-5023
(D.C. No. 4:10-CV-00782-CVE-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit Judges.

Plaintiff-appellant Lawrence Harris filed a pro se complaint in the United States District Court for the Northern District of Oklahoma naming the "Tulsa 66ers" NBA Development League basketball team and two individual employees of the team as defendants. Harris sought damages from the defendants in the amount of $500,000,000 for "herresment" and "false adveretisement" (sic),

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

R., Vol. 1 at 4-5, apparently due to the fact that he was not selected to play for the Tulsa 66ers after attending an open tryout in October 2010. After defendant-appellee PBC NBADL, LLC filed a notice of party name change and a motion to dismiss under Fed. R. Civ. P. 8(a)(2) and 12(b)(6), the district court, acting *sua sponte*, entered an order and a related judgment dismissing Harris's complaint without prejudice for lack of subject matter jurisdiction. Harris now appeals from that dismissal. Exercising jurisdiction under 28 U.S.C § 1291, we affirm.

Although defendants did not raise a jurisdictional challenge, the district court had an independent duty to examine whether it had subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In addition, despite his pro se status, Harris was required to allege sufficient facts in his complaint to show that the district court had subject matter jurisdiction over his claims, and mere conclusory allegations of jurisdiction are insufficient. *See Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that pro se parties must follow the same rules of procedure that govern other litigants). As a result, Harris was required to allege sufficient facts in his complaint to establish either federal

question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

We review issues of subject matter jurisdiction de novo. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Having conducted the required de novo review, we conclude that the district court acted correctly in dismissing Harris's complaint. As the court explained:

> Plaintiff has alleged claims for relief for false advertisement and "herressment" [sic] based on his not being selected for the Tulsa 66ers basketball team during an open tryout, allegedly because of his height. However, his filings contain no information from which it can be determined that this Court has jurisdiction over any of the possible defendants. Plaintiff's complaint states only that "jurisdiction is asserted pursuant to Lawrence Harris." Dkt. #1, at 1. He does not state any federal basis for relief, nor has he met his burden of showing that diversity jurisdiction exists as to any of the defendants he names. He has not alleged the citizenship of any of the defendants, or, for the corporate entity, the state of incorporation or principal place of business. He has therefore failed to carry his burden of establishing jurisdiction in this Court.

R., Vol. 1 at 17. In his opening brief, Harris has utterly failed to challenge the district court's reasoning. Indeed, he has conceded that "the district court acted correctly . . . [and] very right [. . .] and fair as well." Aplt. Opening Br. at 4.

The judgment of the district court is **AFFIRMED**. All outstanding motions filed by Harris are **DENIED**.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

-3-