FILED
United States Court of Appeals
Tenth Circuit

January 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LAWRENCE HARRIS,

      Plaintiff - Appellant,

v.

TULSA 66ERS,

      Defendant - Appellee.

No. 13-5143
(D.C. No. 4:13-CV-00699-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

On October 21, 2013, Plaintiff-Appellant Lawrence Harris filed a pro se[1]

complaint in the United States District Court for the Northern District of Oklahoma

naming the "Tulsa 66ers" NBA Development League basketball team as defendant.  This

is the third complaint Mr. Harris has filed concerning his desire to play semi-professional

_____

*After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We therefore construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89,
94 (2007).

basketball for the Tulsa 66ers.[2]  The district court, acting *sua sponte*,[3] dismissed Mr.

Harris's third complaint without prejudice for lack of subject matter jurisdiction.  Mr.

Harris now appeals from the third dismissal.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

We review issues of subject matter jurisdiction de novo.  *U.S. ex rel. Hafter D.O.

v. Spectrum Emergency Care, Inc* ., 190 F.3d 1156, 1160 (10th Cir. 1999).  Mr. Harris

must allege facts in his complaint sufficient to show that the district court had

jurisdiction, such as federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331,

1332; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(noting that although pro se litigants' pleadings are to be construed liberally, pro se

litigants must follow the same rules of procedure that govern other litigants).

Mr. Harris's complaint alleges that both he and Defendant Tulsa 66ers are citizens

of Oklahoma, thus failing to meet the "citizens of different States" requirement of

diversity jurisdiction.  28 U.S.C. § 1332.  Mr. Harris's complaint claims damages of only

---

[2] The first complaint was dismissed without prejudice for lack of subject matter jurisdiction in the district court and affirmed in this court.  *See Harris v. PBC NBADL, LLC*, 444 F. App'x 300, 301 (10th Cir. 2011).  The second complaint was dismissed without prejudice for lack of subject matter jurisdiction in the district court and never appealed.  *See Harris v. PBC NBA DL, LLC*, No. 4:13-CV-655 (N.D. Okla. Oct. 18, 2013) ECF No. 6.

[3] District courts have an independent duty to examine whether they have subject matter jurisdiction over cases, and may do so *sua sponte*.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1281-82 (10th Cir. 2001).

$12,000, thus failing to meet the § 1332 requirement that "the matter in controversy exceed[] the sum or value of $75,000." *Id.*

In addition, as the district court held, Mr. Harris's complaint, which alleges harassment and a "negotiated deal" that "turned false in 2010," ROA, Vol. 1 at 3, "makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim arising under federal law." ROA, Vol. 1 at 13. Thus, there is no federal question jurisdiction. Nor can this court discern any other basis for subject matter jurisdiction.

The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge